UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT TURNER, | ) | Case No. CV 15-1976-R (KK) |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| JACK FOX, Warden | ) ) | |
| Respondent. | ) ) ) | |

On March 17, 2015, Petitioner Robert Turner ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") in this Court, pursuant to 28 U.S.C. § 2241.  In the Petition, Petitioner appears to challenge the federal Bureau of Prisons' ("BOP") designation of the place of his imprisonment.  Respondent Jack Fox has filed a Response to the Petition, requesting it be dismissed for lack of jurisdiction.  For the reasons set forth below, the Court dismisses the Petition with leave to amend.

///
///
///
///

# I.

# **PROCEDURAL HISTORY**

On March 17, 2015, Petitioner filed the instant Petition. (ECF Docket No. ("dkt.") 1). According to the Petition, Petitioner was convicted of conspiracy to distribute a controlled substance and was sentenced to 135 months in prison in May 2011. Pet. at 2.[1] While not entirely clear, the Petition appears to challenge the BOP's designation of Petitioner's place of imprisonment. Id. at 3-4. The Petition claims the BOP has exceeded its statutory authority when designating the place of his imprisonment under 18 U.S.C. § 3621(b)(2), on two grounds. Id. First, Petitioner claims the BOP has not properly considered the nature and circumstances of Petitioner's offense and has misapplied the scoring system by which it classifies the severity of an inmate's offense.[2] Id. at 3. Second, the Petition claims the BOP "is failing to review all documents ([i.e.] PSI, U.S. Sentencing Guidelines Manual and BOP Policy Statement)[,] which [are] necessary to make the appropriate and suitable considerations for placement of" Petitioner." Id. The BOP's failure to review these documents, Petitioner claims, is "inconsistent with the statutory authority in 18 U.S.C. § 3621(b)(2)." Id.

On May 4, 2015, Respondent filed a Response to the Petition, requesting the Petition be dismissed because this Court lacks jurisdiction over the Petition's claims. (Dkt. 5). Petitioner has failed to file a timely Reply to Respondent's Response. The matter thus stands submitted and ready for decision.

///

///

---

[1] The Court refers to the Petition as if it were consecutively paginated.

[2] In particular, Petitioner appears to claim the BOP is somehow exceeding its statutory authority when assessing the severity of offenses involving crack cocaine. Pet. at 3.

## II.

## DISCUSSION

**A.     The BOP's Inmate Placement System**

The BOP has the authority to designate the location of an inmate's imprisonment. Specifically, under 18 U.S.C. § 3621(b), the BOP has discretion to place an inmate in an available penal or correctional facility and to direct the transfer of an inmate "at any time." Rodriguez v. Smith, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008). When determining which facility is suitable, the BOP must consider the following five factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b). In other words, Section 3621(b) mandates that the BOP make an individualized assessment under the five statutory criteria when making transfer or placement determinations. Rodriguez, 541 F.3d at 1188.

The BOP has created a comprehensive scoring system for classifying and designating inmates, pursuant to 18 U.S.C. § 3621(b). This system is set forth in BOP Program Statement 5100.08, *Inmate Security Designation and Custody Classification* (2006) ("Program Statement 5100.08"). Under this system, the BOP assigns each inmate a security score. Id., Ch. 1 at 2. The security score determines the security level of the facility in which the inmate will be placed. Id. Factors included in the point system include whether the inmate voluntarily surrendered, criminal history, history of violence, escape history, detainer status, age, education level, drug and alcohol abuse, and the severity of the conviction offense. Id., Ch. 4 at 6-15. With respect to determining the points to be assessed for the severity of

the conviction offense, the BOP assigns a score ranging from 0 (lowest) to 7 (greatest) using an "Offense Severity Scale." Id., Ch. 4 at 7 (citing Appendix A of Program Statement 5100.08).

### B.     Federal Habeas Jurisdiction Over BOP Determinations

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner challenging the manner, location, or conditions of the execution of a sentence, as Petitioner does here, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000); see also Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).

The Ninth Circuit has explicitly held federal district courts lack jurisdiction over Section 2241 habeas petitions challenging individualized determinations within the discretion of the BOP. In Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2010), a federal prisoner brought a claim pursuant to 28 U.S.C. § 2241 alleging the BOP had abused its discretion in expelling him from a residential drug abuse program ("RDAP"). Reeb, 636 F.3d at 1226. The petitioner sought re-admission into the RDAP and a twelve-month reduction in his sentence upon successful completion of the program. Id. The Court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which provides the BOP discretion to determine RDAP eligibility and entitlement to sentence reductions for program participation. Id. at 1225. The Court based its decision on provisions of the Administrative Procedure Act ("APA") that provided a cause of action for persons suffering legal wrong or adverse effect from agency action, but which withdrew the cause of action to the extent that the pertinent statute "preclude[s] judicial review." Id. at 1226; see also 5 U.S.C. §§ 702, 701(a). The Court noted "[t]he plain language of [18 U.S.C. § 3625] specifies that the judicial review provisions

of the APA, 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624." Id. at 1227 (quoting 18 U.S.C. § 3625).  Hence, the Court concluded that "[t]o find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Id.  At the same time, the Court stated judicial review remained available for allegations that the BOP exceeded its statutory authority.  Id. at 1228.

**C.    Analysis**

    **1.    The Court Lacks Jurisdiction Over Petitioner's Challenge to the BOP's Individualized Placement Determination**

To extent Petitioner challenges the BOP's individualized determination regarding his placement, his claim is foreclosed by Reeb.  Like the RDAP determination at issue in Reeb, the designation of an institution of confinement is an individualized determination within the discretion of the BOP under 18 U.S.C. § 3621(b).  Accordingly, Reeb holds this Court lacks jurisdiction to review the BOP's discretionary, individualized decisions concerning Petitioner's placement in a prison.  See Reeb, 636 F.3d at 1228 ("[F]ederal courts lack jurisdiction to review the BOP's individualized . . . determinations made pursuant to 18 U.S.C. § 3621."); see also Darcuiel v. Turning Point, No. CV 14-01221-BAM (HC), 2014 WL 5500992, at *4 (E.D. Cal. Oct. 30, 2014) (rejecting federal habeas petitioner's challenge to "individualized, discretionary decision of the BOP to place Petitioner in a particular facility"); Arnett v. Washington-Adduci, No. CV 11-5898-JAK (E), 2012 WL 32386, at *4 (C.D. Cal. Jan. 3, 2012) (concluding a "federal habeas court lacks jurisdiction to review the [BOP]'s individualized placement determinations").

///

///

## 2. Petitioner Provides No Basis For Finding The BOP Has Exceeded Its Statutory Authority Under 18 U.S.C. § 3621(b)(2)

Under Reeb, the Court *does* have jurisdiction to consider a habeas petitioner's claims that the BOP has engaged in action exceeding its statutory authority. See Reeb, 636 F.3d at 1228. Here, Petitioner claims the BOP has "exceeded its statutory authority under 18 U.S.C. § 3621(b)(2)" when considering the nature and circumstances of Petitioner's offense and misapplying the scoring system by which it classifies the severity of offenses. Pet. at 3. Petitioner also claims the BOP has exceeded its authority under Section 3621(b)(2) by "failing to review all documents ([i.e.] PSI, U.S. Sentencing Guidelines Manual and BOP Policy Statement)[,] which [are] necessary to make the appropriate and suitable considerations for placement of" Petitioner." Id.

The basis for Petitioner's claims is unclear. Section 3621(b)(2) simply states the BOP must consider "the nature and circumstances of [an inmate's] offense" when determining where to place the inmate. 18 U.S.C. § 3621(b)(2). Petitioner does not specify how the BOP has misapplied Section 3621(b)(2) when considering and evaluating his offense.[3] Petitioner also does not show how the BOP's failure to consider various documents indicates it has exceeded its authority under Section 3621(b)(2). In short, the Petition does not allege facts suggesting the BOP has exceeded its statutory authority under Section 3621(b)(2). Because it is not clear whether amendment of the Petition would be futile, the Petition is dismissed with leave to amend.

---

[3] Moreover, to the extent Petitioner claims the BOP has violated Program Statement 5100.08 in its calculation of his security score, the Court lacks jurisdiction over this claim. See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own statement because noncompliance with a BOP program statement is not a violation of federal law.").

## III.
## **ORDER**

For the foregoing reasons, the Petition is dismissed with leave to amend and Petitioner is ORDERED to file an amended petition within twenty-one (21) days of the date of this Order, correcting the deficiencies discussed above. The clerk is directed to send Petitioner a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number; be clearly labeled "First Amended Petition"; and be complete in and of itself without reference to the original Petition, or any other pleading, attachment or document.

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that his failure to timely file a First Amended Petition or voluntary dismissal in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED:    June 15, 2015

HON. KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE